UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

PAUL DAVIS RESTORATION, INC.,

    Plaintiff,

    v.    Case No. 1:14-cv-1534

MATTHEW L. EVERETT, RENEE EVERETT,
EA GREEN BAY, LLC, F/D/B/A BUILDING
WERKS, F/D/B/A PAUL DAVIS
RESTORATION OF NORTHEAST
WISCONSIN, and EA RESTORATION, LLC,
F/D/B/A PAUL DAVIS RESTORATION OF
FOX VALLEY, C/D/B/A CERTIFIED
PROFESSIONAL RESTORATION,

    Defendants.

**COMPLAINT FOR PRELIMINARY INJUNCTIVE RELIEF**

Plaintiff, Paul Davis Restoration, Inc. ("PDRI" or "Plaintiff"), by its attorneys, Quarles & Brady LLP, for its Complaint for Preliminary Injunctive Relief against Defendants Matthew L. Everett ("Mr. Everett"), Renee Everett ("Mrs. Everett"), EA Green Bay LLC, f/d/b/a Building Werks, f/d/b/a Paul Davis Restoration of Northeast Wisconsin ("EAGB") and EA Restoration, LLC, f/d/b/a Paul Davis Restoration of Fox Valley, c/d/b/a Certified Professional Restoration (collectively, "Defendants") alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for preliminary injunctive relief to halt trademark infringement, false advertising, and unfair competition under federal law and related Wisconsin state law claims. It arises from Defendants' false and misleading "business advisory" radio advertisement that unlawfully uses Plaintiff's PAUL DAVIS trademark without any right or license to do so.

1

The advertisement also states, with no basis, that PDRI has violated Wisconsin law. In the offending advertisement, Defendants' brazenly and deceitfully suggest that the so-called "business advisory" was "paid for by Paul Davis Restoration of NOWI" – the name of one of Defendants' former franchises terminated by PDRI in 2010. Alternatively, Defendants pretend they are affiliated with PDRI to falsely give the impression that PDRI created a "public service announcement" in which PDRI apparently confesses to violating Wisconsin law. PDRI seeks and is entitled to a temporary restraining order, and a preliminary injunction to halt the further dissemination or transmission of the false and misleading radio advertisement in any media.

2. This action seeks immediate and preliminary injunctive relief to preserve the status quo without waiver of any rights of PDRI to pursue further claims and remedies in arbitration pursuant to the terms of Defendants' franchise agreements. By seeking preliminary injunctive relief in this action to halt or prevent irreparable harm, PDRI expressly reserves and does not waive its rights or remedies in any pending arbitration proceedings or with respect to any claims by Defendants previously compelled to arbitration by courts in other proceedings.

## THE PARTIES

3. Plaintiff, Paul Davis Restoration, Inc., is a Florida corporation with its principal place of business at 5210 Belfort Road, Suite 300, Jacksonville, Florida 32256.

4. Defendant, Matthew L. Everett, is an individual who, upon information and belief, is a Wisconsin resident.

5. Defendant, Renee Everett, is an individual who, upon information and belief, is a Florida resident.

6. Defendant, EA Green Bay, LLC, f/d/b/a Building Werks, f/d/b/a Paul Davis Restoration of Northeast Wisconsin, is a Wisconsin limited liability company that was dissolved

on September 7, 2010, with a last known location of 655 Copenhagen Lane, Denmark, Wisconsin 54208.

7.     Defendant, EA Restoration, LLC, f/d/b/a Paul Davis Restoration of Fox Valley, c/d/b/a Certified Professional Restoration and/or CP Restoration, is a Wisconsin limited liability company with locations at 2225 Northern Road, Appleton, Wisconsin 54914 and 3066 Sunset Drive North, Stevens Point, Wisconsin 54481.

## JURISDICTION AND VENUE

8.     The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, and 15 U.S.C. § 1121.  The civil action alleged arises under the laws of the United States, including an Act of Congress relating to trademarks and unfair competition.

9.     The Court has supplemental jurisdiction over all state law claims under 28 U.S.C. § 1367(a).

10.    The Court has personal jurisdiction over all Defendants because, on information and belief, Defendants conduct business in the State of Wisconsin and have caused to be broadcast a false and misleading statement regarding Plaintiff and its services and unlawfully using Plaintiff's trademarks, directly or through intermediaries, in or into Wisconsin and this judicial District, thereby causing injury in Wisconsin and this judicial District.  The Court also has personal jurisdiction over all Defendants under Wis. Stat. § 801.05.  This Court has personal jurisdiction over each of the Defendants as they have engaged in substantial and not isolated activities within the State of Wisconsin.

11.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.  Venue is proper in the Eastern District of Wisconsin because Plaintiff's claims arose within this district.

## STATEMENT OF FACTS

### The PRDI Franchise System

12. PDRI is the franchisor for a national network of more than 300 franchises, providing insurance restoration, construction, remodeling, loss mitigation, emergency services, and cleaning of residential and commercial buildings and structures.

13. As the franchisor of the Paul Davis Restoration franchise system and network, PDRI is in the business of licensing and training third parties to operate a Paul Davis Restoration franchise in a specific territory, using PDRI's name and registered trademarks, and developed systems, methodologies, know-how, specialized software and trade secrets.

14. PDRI f/k/a/ Paul W. Davis Systems, Inc. has established a national reputation, demand and goodwill for its franchise system over the last four decades, including in the State of Wisconsin.

15. As a franchisor, PDRI enters into franchise agreements with each of its franchisees, and their principal owners, granting them a license to trade upon and benefit from the goodwill and methods of doing business developed by PDRI. Each agreement entered into between PDRI and its franchisees contains reasonable restrictive covenants against post-termination competition.

### The Everetts' Franchises

16. On or about September 1, 2004, Mr. Everett and EAGB (the company he formed) entered into a franchise agreement with PDRI, granting the right to operate a Paul Davis Restoration franchise in a territory comprised of several counties in Northeast Wisconsin (the "NOWI Franchise").

17. In early 2007, Mr. Everett formed EA Restoration, LLC, for the purpose of acquiring his second franchise from PDRI, with a territory that included the area in and around Appleton, Wisconsin (the "FXWI Franchise"). Also in 2007, Mr. Everett and a partner formed Everett Foytik, LLC for purpose of acquiring a third franchise, with a territory comprised of counties around Stevens Points, Wisconsin (the "CTWI Franchise").

18. During the years that the NOWI, FXWI and CTWI Franchises were owned and operated by Mr. Everett and his companies, they reported generating millions of dollars in sales revenues using PDRI's system, names and marks.

**Termination of the NOWI Franchise**

19. On March 1, 2010, PDRI terminated the NOWI Franchise for cause, due to the failure of EAGB to pay sums due under its franchise agreement.

20. Unknown to PDRI, immediately after terminating the NOWI Franchise, the Everetts changed the d/b/a name of the NOWI Franchise from "Paul Davis Restoration of Northeast Wisconsin" to "Building Werks."

21. On July 1, 2010, PDRI initiated arbitration against the Everetts and EAGB for violating the post-termination restrictive covenant against competition contained in the franchise agreement for the NOWI Franchise.

22. An arbitration award in favor of PDRI was issued on March 8, 2011, finding that Mr. Everett and EAGB materially breached the non-competition obligations set forth in their franchise agreement, and enjoining them for a period of two years from competing against PDRI in their former territory.

5
Case 1:14-cv-01534-WCG   Filed 12/09/14   Page 5 of 19   Document 1

## Termination of the FXWI and CTWI Franchises

23. On June 11, 2010, PDRI sent notices terminating the CTWI Franchise and FXWI Franchise due to the Everetts' violation of the covenants for the NOWI Franchise, while still owning and operating the FXWI and CTWI Franchises. The termination notices were final and effective as of March 31, 2011.

24. Following the terminations of FXWI and CTWI, Mr. Everett and his companies violated post-termination covenants not to compete by operating competing businesses in the FXWI and CTWI Franchise territories under the d/b/a names "Certified Professional Restoration" and/or "CP Restoration."

25. While PDRI has filed and commenced arbitration proceedings against Mr. Everett, Everett Foytik and EA Restoration to enforce the terms of the FXWI and CTWI franchise agreements, these proceedings have not been concluded.

## Earlier Litigation

26. Since 2010, the Defendants and affiliated parties have commenced three separate suits against PDRI in Wisconsin state courts.

27. In the first, Mrs. Everett and Building Werks WI filed suit in state court, which was removed by PDRI to the United States District Court for the Eastern District of Wisconsin, <u>Renee Everett et al. v. Paul Davis Restoration, Inc., et al.</u>, Case No. 10-CV-634. Mrs. Everett sought a declaration that she was not bound by the arbitration and non-competition provisions of the NOWI Franchise Agreement. Following the issuance of an arbitration award in favor of PDRI, the District Court granted Mrs. Everett's motion to vacate the award. On November 3, 2014, the United States Court of Appeals for the Seventh Circuit reversed, holding that Mrs. Everett was bound by the agreement and rejecting her vacatur arguments.

28. In the second, Mr. Everett filed suit against PDRI in Brown County seeking to vacate the arbitration award issued in favor of PDRI against Mr. Everett and EAGB, <u>Everett et al. v. Paul Davis Restoration, Inc.</u>, Case No. 11-CV-623. With the exception of a single claim by Mr. Everett sent back to arbitration, summary judgment was awarded in favor of PDRI on May 12, 2014 conditionally confirming the arbitration award entered against Mr. Everett and EAGB.

29. Finally, as it related to the FXWI and CTWI Franchises, a suit was filed in Brown County on January 24, 2011, <u>Building Werks Holdings, LLC, et al. v. Paul Davis Restoration, Inc.</u>, Case No. 11-CV-220. The court issued an award on May 12, 2014, compelling arbitration of all claims. Plaintiffs have appealed the ruling.

30. At no time has any court issued a ruling, preliminary or final, holding or even suggesting the PDRI has taken any action against Defendants that could be deemed a violation of the law.

## The Radio Advertisement

31. Despite multiple adverse rulings court and arbitration rulings, Defendants appear to have a vendetta against Plaintiff whereby they seek to harm PDRI and the goodwill of its company and legitimate franchisees at any cost. Defendants continue to infringe on PDRI's trademark rights and have now defamed PDRI's business, business practices, and reputation.

32. On December 4, 2014, Mr. Everett sent an e-mail message to Jim Hirsch, the owner of the PDR franchise in Madison, Wisconsin, directing him to send an MP3 audio file (attached to the e-mail) to PDRI's president, Tim Robinson. (E-mail from Mr. Everett to J. Hirsch dated December 4, 2014 (attached hereto as **Exhibit A**)). Mr. Everett sent the same e-mail to PDRI president Tim Robinson late that same day. (E-mail from Mr. Everett to T. Robinson dated December 4, 2014 (attached hereto as **Exhibit B**)).

33. The MP3 file purported to be a "business advisory" radio advertisement, and Mr. Everett stated that the advertisement will "run starting today in the markets we serve. Next week it will start to run Statewide." (**Exhibits A** and **B**). Mr. Everett further states he is "certain the many Insurance Carriers that call Wisconsin home and the State Legislators who drafted the very laws PDRI is violating will find it interesting. Particularly since much of the millions in WI State work the last few years has gone PD's way…" Id.

34. The radio advertisement attached to Mr. Everett's e-mail broadcasts:

> This is a business advisory. Paul Davis Restoration Inc., a national operator of fire and water restoration franchises, is seeking a judgment of 25% commission on certain prior sales which constitutes an unenforceable penalty in violation of Wisconsin state statutes and case law governing such restrictions and practices. In addition, they are seeking to impose several other terminations and conditions that are in direct violation of Wisconsin's fair dealership laws, those Wisconsin laws which are designed to protect all Wisconsinites. To learn more please visit pdr-wi.com. This ad paid for by Paul Davis Restoration of NOWI.

(an audio recording of this radio advertisement is also being supplied with this Complaint with the Chambers Copy).

35. The statements that Defendants' make in the radio advertisement are false. Plaintiff has not violated any laws. The offending advertisement refers to wholly unsubstantiated allegations made by Defendants in their attempts to avoid the ruling of various arbitration panels. To the extent any such ludicrous claims have been adjudicated in the pending cases between the parties, those decisions have all been in Plaintiff's favor.

36. In making these recklessly false statements, Defendants are attempting to tarnish and defame Plaintiff, irreparably harming its current business relationships and contracts as well as prospective contracts or engagements with other potential customers in Wisconsin. The core

of Defendants' false advertisement, stated multiple times in different ways, is that Plaintiff is breaking laws that are designed to protect the public.

37. Defendants' bad faith motivation for this false advertisement is obvious. Mr. Everett even goes so far as to e-mail Plaintiff's president and a current franchise owner to gloat about his plan. In that communication, Mr. Everett makes clear that his motivation for the advertisement is to destroy, disrupt, and tortiously interfere with PDRI's existing business relationships, namely, the State of Wisconsin. See **Exhibit B** ("Particularly since much of the millions in WI State work the last few years has gone PD's way…").

38. To make matters worse, Defendants' radio advertisement states that it was "paid for by *Paul Davis Restoration* of NOWI." (emphasis added). Not only is the statement false, because PDRI did not pay for it, but Defendants, who have not been a franchisee of Plaintiff for over four years, have no right or license to hold themselves out as a PDRI franchisee. Defendants also have no right or license to any PAUL DAVIS trademarks nor are they authorized to use any PAUL DAVIS trademarks.

39. Any likelihood that the use of another's trademark will cause confusion among the public that an advertisement is affiliated with or sponsored by the trademark owner amounts to trademark infringement and unfair competition. Defendants do not just use Plaintiff's trademark in a way that could be considered likely confusion. They flat out use Plaintiff's trademark to pretend *to be* Plaintiff by falsely stating, "This ad is paid for by Paul Davis Restoration of NOWI."

40. In addition, Defendants attempt to exacerbate the confusion by directing consumers, potential consumers, and other members of the public to a website with the address

of www.pdr-wi.com, a domain name clearly designed to make those third parties believe that they would be going to a website affiliated with PDRI.

41. PDRI is the owner of various federally registered PAUL DAVIS trademarks including:

    a. PAUL DAVIS (Reg. No. 3,962,949) for use in connection with "providing restoration, reconstruction, remodeling and emergency repair services for commercial and residential buildings after losses; providing restoration, reconstruction, remodeling and emergency repair services for commercial and residential buildings to mitigate damages after losses; drying and cleaning of residential and commercial buildings, structures and contents damaged by losses." A true and correct copy of the Trademark Registration is attached as **Exhibit C**.

    b. [PD PAUL DAVIS RESTORATION logo] (used herein as "PD PAUL DAVIS RESTORATION") (Reg. No. 2,530,592) for use in connection with "Franchising services, namely, offering technical assistance in the operation of appraisal firms designed to appraise property losses and provide restoration and replacement cost evaluations to the insurance industry, and construction firms specializing in restoration, construction and remodeling of residential and commercial properties." A true and correct copy of the Trademark Registration is attached as **Exhibit D**.

    c. U.S. Registration Number 2,530,592 has acquired incontestable status under Section 15 of the Lanham Act 15 U.S.C. § 1065.

10
Case 1:14-cv-01534-WCG   Filed 12/09/14   Page 10 of 19   Document 1

42. Defendants' radio advertisement clearly creates a likelihood of confusion that anyone listening to it will be confused, mistaken, or deceived as to the origin of the advertisement or any sponsorship, affiliation, or endorsement of the advertisement by Plaintiff.

**COUNT I**
**FALSE ADVERTISING IN VIOLATION OF THE LANHAM ACT**
**Lanham Act §43 (15 U.S.C. § 1125)**

43. Plaintiff realleges and incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 42.

44. Plaintiff's franchisees and Defendants are direct competitors, and at the very least, Plaintiff's interest in the advertisement in question falls within the zone of interests protected by Section 43 of the Lanham Act (15 U.S.C. § 1125).

45. The radio advertisement broadcast by Defendants is false, misleading and deceptive.

46. Defendants' radio advertisement is likely to deceive a substantial segment of its audience, which includes customers and prospective customers of PDRI.

47. Defendants' radio advertisement broadcast is likely to influence the purchasing decisions of a substantial segment of its audience.

48. As a result of Defendants' false and slanderous radio advertisement as described above, PDRI will suffer irreparable harm for which it has no adequate remedy at law and such harm are injuries that will be proximately caused by the dissemination of the advertisement and the violations of Section 1125 of the Lanham Act.

49. Defendants' radio advertisements and its broadcast constitutes a violation of 15 U.S.C. § 1125(a)(1)(B).

50. Because Defendants invented the statements in the advertisement and as a result of Defendants' participation in the parties' previous and pending cases, they know such statements to be false

51. The false statements made by Defendants' radio advertisement were made maliciously, wantonly, willfully and with reckless disregard of PDRI's rights, with knowledge of their false and misleading nature, and with the intent to harm PDRI.

## COUNT II
## TRADEMARK INFRINGEMENT IN VIOLATION OF THE LANHAM ACT
## Lanham Act §32 (15 U.S.C. § 1114)

52. Plaintiff realleges and incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 41

53. Defendants are not authorized to use the PAUL DAVIS trademarks.

54. Defendants continue to use the PAUL DAVIS trademarks in connection with advertisements related to PDRI and its franchise network providing services in restoration, reconstruction, remodeling and emergency repair services.

55. Defendants have used the PAUL DAVIS trademarks to give the relevant public the false impression that PDRI and Defendants are one and the same or that PDRI has at least authorized Defendants' to use it trademarks or that PDRI is affiliated with, sponsors, or endorses Defendants' and their services.

56. Defendants' use of the PAUL DAVIS trademarks is an effort to trade off of the goodwill developed in the PAUL DAVIS trademarks and to mislead the public into mistakenly believing that PDRI paid for the radio advertisement.

57. Defendants' use of the PAUL DAVIS trademarks is also an effort to harm or destroy the goodwill of PDRI, its services, and its business practices.

58. Defendants continue to use the PAUL DAVIS trademarks in advertising, including without limitation in radio advertisements in the State of Wisconsin.

59. Defendants' unauthorized use of the PAUL DAVIS trademarks is likely to cause confusion or mistake, or to cause the relevant public to falsely believe that Defendants are approved or sponsored by Plaintiff or that Plaintiff and Defendants are one and the same.

60. Defendants' use of the PAUL DAVIS trademarks infringes Plaintiff's registered trademarks, including at least United States Trademark Registration Numbers 3,962,949 and 2,530,592.

61. Defendants' actions are likely to cause confusion in the marketplace and among consumers, prospective consumers, business partners, and the public at large into thinking that Defendants and their radio advertisement are affiliated with, sponsored by, or endorsed by Plaintiff when they are not.

62. Defendants have exacerbated this confusion by directing consumers, potential consumers, and other members of the public to a website with the address of www.pdr-wi.com, a domain name clearly designed to make those third parties believe that they would be going to a website affiliated with PDRI.

63. Plaintiff has repeatedly communicated with counsel for Defendants demanding that they cease all use of the PAUL DAVIS trademarks.

64. Defendants have continued using the PAUL DAVIS trademarks, even after receiving such communication.

65. Defendants' actions, as set forth above, were and are intentional, willful and in reckless disregard of Plaintiff's rights.

66. Defendants' actions, as set forth above, have unjustly injured Plaintiff's PAUL DAVIS trademarks, business reputation and the goodwill associated with the PAUL DAVIS trademarks, and if Defendants' actions are allowed to continue, the harm will be irreparable.

67. Defendants' actions, as set forth above, have unjustly enriched Defendants.

68. Defendants' actions, as set forth above, are causing irreparable injury to Plaintiff for which there is no adequate remedy at law.

69. Defendants' actions, as set forth above, constitute willful trademark infringement which entitles Plaintiff to enhanced remedies set forth in 15 U.S.C. § 1117 and 15 U.S.C. § 1118.

## COUNT III
## UNFAIR COMPETITION IN VIOLATION OF THE LANHAM ACT
### Lanham Act §43 (15 U.S.C. § 1125)

70. Plaintiff realleges and incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 42.

71. Plaintiff has continuously and extensively used the PAUL DAVIS and PAUL DAVIS RESTORATION trademarks throughout the United States in connection with in restoration, reconstruction, remodeling and emergency repair services and franchises of same.

72. As a result of Plaintiff's use of the PAUL DAVIS and PAUL DAVIS RESTORATION trademarks, PDRI has federal trademark registrations in at least the PAUL DAVIS and PD PAUL DAVIS RESTORATION trademarks and has common law trademark rights in various other uses of PAUL DAVIS, including the PAUL DAVIS RESTORATION trademark.

73. The PAUL DAVIS trademarks, both registered and in common law, have come to represent and symbolize the reputation and valuable goodwill associated with Plaintiff's services in restoration, reconstruction, remodeling and emergency repair services and franchises of same.

74. Defendants are not authorized to use any of the PAUL DAVIS trademarks, both registered and in common law.

75. Defendants' unauthorized use of the PAUL DAVIS trademarks, both registered and in common law, is likely to cause confusion or mistake, or to deceive customers or potential customers into falsely believing that Defendants' statements in the radio advertisement, or services provided by Defendants are approved, endorsed, sponsored or made by Plaintiff, in violation of 15 U.S.C. § 1125(a)(1)(A).

76. Defendants' unauthorized use of the PAUL DAVIS trademarks, both registered and in common law, was and continues to be done intentionally, willfully, and with reckless disregard for Plaintiff's rights.

77. Defendants' actions set forth above have unjustly damaged and harmed the PAUL DAVIS trademarks, both registered and in common law, its business reputation and the goodwill associated with the PAUL DAVIS trademarks.

78. Defendants' actions set forth above have unjustly enriched the Defendants by damaging Plaintiff, a direct competitor.

79. Defendants' actions set forth above are causing irreparable harm to Plaintiff for which there is no adequate remedy at law.

80. Defendants' actions set forth above constitute willful trademark infringement entitling Plaintiff to remedies set forth in 15 U.S.C. §§ 1116, 1117 and 1118.

## COUNT IV
## DEFAMATION AND PRODUCT DISPARAGMENT

81. Plaintiff realleges and incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 42.

82. Defendants and their affiliates have distributed and caused to be broadcast a radio advertisement containing false and *per se* disparaging and slanderous statements concerning PDRI.

83. Because Defendants completely invented these false statements and also due to their first-hand knowledge through the parties' previous and pending cases, Defendants had knowledge that the statements were false and slanderous.

84. The false statements were broadcast and intended to be communicated by Defendants and their affiliates to third persons, including PDRI's existing and prospective customers.

85. The false statements made by Defendants in their radio advertisement were made maliciously, wantonly, willfully and with reckless disregard of PDRI's rights, with knowledge of their false and misleading nature, and with the intent to harm PDRI.

## COUNT V
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS

86. Plaintiff realleges and incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 42.

87. Defendants disseminated and are about to disseminate statewide, to PDRI's existing and prospective customers, including franchisees and customers in the State of Wisconsin, statements regarding PDRI and its pending lawsuits against Defendants knowing that the statements are false and misleading.

88. Defendants have knowledge of the current and prospective relationships these entities have with PDRI, including the other franchisees, insurance industry customers and the State of Wisconsin.

89. Defendants' actions are intentional and motivated by a desire to interfere with and/or terminate PDRI's business relationships with the recipients of the information and statements Defendants caused to be broadcast.

90. Defendants have no privilege or justification to interfere in PDRI's relationship with its franchisees and customers in this manner.

91. As a result of Defendants' actions, PDRI will suffer irreparable harm for which there is no adequate remedy at law.

92. The false statements made by Defendants' radio advertisement were made maliciously, wantonly, willfully and with reckless disregard of PDRI's rights, with knowledge of their false and misleading nature, and with the intent to harm PDRI and cause various and specific PDRI contracts and business relationships to be interfered with.

## COUNT VI
## FALSE ADVERTISING
## Violation of Wis. Stat. § 100.18

93. Plaintiff realleges and incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 42.

94. Defendants' actions alleged above, including without limitation, **Exhibits A** and **B**, and the radio advertisement, constitute an advertisement, announcement, statement or representation to the public relating to the purchase of services containing an untrue, deceptive, or misleading representation.

95. Particularly, Defendants claim that PDRI is unlawfully imposing conditions and pursuing claims in alleged violation of various Wisconsin laws, including without limitation Wisconsin's fair dealership law.

96. The statements and representations made to customers and prospective customers by Defendants constitute violations of Wis. Stat. §100.18.

97. As a result of Defendants' violation of Wis. Stat. §100.18, Plaintiff will suffer pecuniary loss, as well as irreparable harm for which it has no adequate remedy at law.

98. Pursuant to Wis. Stat. §100.18(11)(b)(2), Plaintiff is entitled to injunctive relief and to recover its reasonable attorneys' fees from Defendants.

## COUNT VII
## STATE AND COMMON LAW UNFAIR COMPETITION

99. Plaintiff realleges and incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 41

100. Defendants' foregoing conduct constitutes an unfair method of competition in violation of Wisconsin's common law.

101. Unless the Court enjoins Defendants from employing such unfair methods, Plaintiff will suffer irreparable harm for which it has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Paul Davis Restoration, Inc. respectfully requests judgment and relief against Defendants as follows:

A. A temporary restraining order prohibiting the further dissemination or use of the radio advertisement reproduced above and/or any similar advertisement or materials containing or making the same or similar false and misleading statements;

B. A preliminary injunction prohibiting the further dissemination or use of the radio advertisement reproduced above and/or any similar advertisement or materials containing or making the same or similar false and misleading statements;

C. A preliminary injunction prohibiting Defendants, and all those in active concert and participation with them, from using the PAUL DAVIS trademarks, any PDRO trademark, or any colorable imitation of those marks including without limitation PAUL DAVIS or PAUL DAVIS RESTORATION pursuant to 15 U.S.C. § 1116;

D. Plaintiff's actual costs and attorneys' fees as provided under the Lanham Act, 15 U.S.C. §§ 1117 and 1125(a);

E. Plaintiff's actual costs and attorneys' fees, all as provided for under Wis. Stat. § 100.18;

F. An order that Defendants be directed to file with the Court and serve on Plaintiff, within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction pursuant to 15 U.S.C. § 1116;

G. Such other and further relief as the Court deems necessary and just.

Dated this 9th day of December, 2014.

/s/ Johanna M. Wilbert
Daniel M. Janssen
Johanna M. Wilbert
QUARLES & BRADY LLP
411 East Wisconsin Avenue, Suite 2350
Milwaukee, WI 53202-4497
Telephone: 414-277-5000
Fax: 414-978-8942
E-mail: daniel.janssen@quarles.com
johanna.wilbert@quarles.com

*Attorneys for Plaintiff, Paul Davis Restoration, Inc.*

QB\31674221.2