UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PAUL DAVIS RESTORATION, INC.,

    Plaintiff,

v.                                                    Case No. 14-C-1534

MATTHEW EVERETT, et al.,

    Defendants.

## DECISION AND ORDER

Plaintiff Paul Davis Restoration, Inc. (PDRI), filed this action to obtain a temporary restraining order and preliminary injunction to enjoin Defendants, former franchise owner Matthew Everett, his wife Renee, and their various business entities, from "further dissemination or transmission of the false and misleading radio advertisement in any media." (Compl., ECF No. 1 ¶ 1.) The Court granted PDRI's motion for a preliminary injunction and defendants appealed. In the meantime, the Everetts tendered the defense of the action to West Bend Mutual Insurance Company under a policy of general liability and umbrella liability insurance West Bend had issued to Matthew and Renee Everett and EA Restoration, LLC, d/b/a Certified Professional Restoration (collectively, "EA Restoration"). West Bend denied coverage and intervened in the action seeking declaratory relief. Discovery has been stayed pending the outcome of West Bend Mutual Insurance Company's motion seeking a "no coverage" determination, as well as the outcome of the Defendant's appeal of this court's grant of a preliminary injunction. For the reasons given below, I conclude that West Bend's motion for summary judgment should be granted.

The complaint is entitled "Complaint For Preliminary Injunctive Relief," and its prayer for relief seeks injunctive relief, namely, an end to the Defendant's radio advertisements. (ECF No. 1 at 18.) It also seeks costs and attorney's fees. Indeed, the complaint explicitly states that "[b]y seeking preliminary injunctive relief in this action to halt or prevent irreparable harm, PDRI expressly reserves and does not waive its rights or remedies in any pending arbitration proceedings or with respect to any claims by Defendants previously compelled to arbitration by courts in other proceedings." (*Id.* ¶ 2.) There is no mention of damages in the prayer for relief. West Bend argues it has no duty to defend because the CGL policies it issued cover only suits for damages, and courts have found that injunctive relief does not qualify as damages.

EA Restoration does not dispute that the policies at issue apply only to lawsuits seeking damages. Instead, they note that counts three and six seek damages, even if damages are not mentioned in the prayer for relief. Count three alleges unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125, and states that PDRI is entitled to the remedies set forth in §§ 1116, 1117, and 1118. (ECF No. 1 at ¶ 80.) Section 1117 is the Lanham Act's provision for damages, including treble damages, and so in EA Restoration's view count three explicitly seeks damages because it cites that statute. Similarly, count six alleges false advertising, in violation of Wis. Stat. § 100.18 and states that PDRI "will suffer pecuniary loss, as well as irreparable harm." (ECF No. 1 at ¶ 97.) Thus, in addition to the irreparable harm curable only by an injunction, the complaint alleges PDRI would also suffer pecuniary loss, for which damages would be the obvious remedy (even though count six does not seek such damages).

Taking the second argument first, West Bend notes that the paragraph just quoted merely states that PDRI *will* suffer pecuniary loss. That is partly why it is seeking an injunction—to

2

prevent that from happening. The paragraph does not allege that PDRI *has* suffered a loss, nor that it is seeking damages. Accordingly, count six cannot be read in any way to actually seek damages.

Similarly, although count three refers to § 1117 of the Lanham Act, the count also states that the Defendants' actions are causing irreparable harm for which there is no adequate remedy at law (ECF No. 1 at ¶ 79). Read in the larger context of the complaint and count three as a whole, the solitary and oblique reference to § 1117, the Lanham Act's damages provision, does not mean that there is actually a claim for damages within the complaint's four corners.

The complaint's entire context is crucial to determining what is being sought. First, the complaint is entitled "Complaint For Preliminary Injunctive Relief," signaling its purely equitable purpose in no uncertain terms. The very first paragraph begins, "This is an action for preliminary injunctive relief to halt trademark infringement, false advertising, and unfair competition . . ." (ECF No. 1 at ¶ 1.) It continues, "PDRI seeks and is entitled to a temporary restraining order, and a preliminary injunction to halt the further dissemination or transmission of the false and misleading radio advertisements . . ." (*Id.*) Similarly, the second paragraph begins, "This action seeks immediate and preliminary injunctive relief to preserve the status quo . . ." (*Id.* at ¶ 2.) Finally, the prayer for relief seeks a TRO and preliminary injunction as well as costs and attorney's fees. (*Id.* at 18-19.) Nowhere in the complaint does PDRI actually seek damages, and in fact it is quite clear from the first to the last page that the complaint seeks only injunctive relief.

"The duty to defend is triggered by the allegations contained in the four corners of the complaint. It is the nature of the claim that is controlling, even though the suit may be groundless, false, or fraudulent." *Ring v. Coyle,* 2009 WI App 77, ¶ 4, 319 Wis. 2d 233, 769 N.W.2d 572 (Wis. Ct. App. 2009) (citations omitted). Here, the nature of the suit, by its very own terms, is a suit

3

seeking prospective injunctive relief. It would be unreasonable to deem such a lawsuit a suit for "damages" merely due to the single reference to § 1117 of the Lanham Act within a nineteen-page "Complaint For Preliminary Injunctive Relief."

This result is confirmed by the policy language itself, which states that West Bend must defend the insured against suits "*seeking* . . . damages." (ECF No. 45, ¶ 9.) By using that language, the policy makes clear that coverage is triggered by what the complaint seeks, and here the complaint explicitly "seeks immediate and preliminary injunctive relief," not damages. (ECF No. 1, ¶ 2.) The fact that a single paragraph makes a fleeting reference to a statute that could involve damages, among other things, is not enough to make the complaint a suit seeking damages.

For the reasons given above, I conclude West Bend has no duty to defend or indemnify EA Restoration based on the four corners of the complaint. The motion for summary judgment [44] is therefore **GRANTED**. Further, there appearing no just reason for delay, the Clerk is directed to enter final judgment in favor of West Bend declaring that it has no duty to defend or indemnify EA Restoration based on the four corners of the complaint. Discovery will remain stayed pending the Seventh Circuit's decision in the pending appeal.

**SO ORDERED** at Green Bay, Wisconsin this 1st day of June, 2015

/s William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court